```
                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO


DARRIN KEITH WARD,                  )    CASE NO. 5:09 CV 1499
                                    )
         Petitioner,                )    JUDGE DAN AARON POLSTER
                                    )
    v.                              )
                                    )    MEMORANDUM OF OPINION
MICHELE MILLER,                     )    AND ORDER
                                    )
         Respondent.                )
```

On July 1, 2009, petitioner pro se Darrin Keith Ward filed this action under 28 U.S.C. § 2254. Ward is incarcerated in an Ohio penal institution, having been convicted, pursuant to a guilty plea, of attempted aggravated murder and aggravated arson in 1992. While the petition is unclear, Ward appears to assert he was convicted of aggravated murder, an offense for which he was not indicted, and that he should be granted parole. For the reasons stated below, this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254(b).

It is evident on the face of the petition and attachments that, contrary to Ward's assertion, he was not convicted of aggravated murder, but instead was convicted of the offenses

already noted. See January 16, 1992 Plea Agreement and April 21, 2009 Ohio Parole Board Decision. Further, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). "Parole for Ohio prisoners lies wholly within the discretion of the [Ohio Adult Parole Authority.] The statutes which provide for parole do not create a protected liberty interest for due process purposes." Jago v. Van Curen, 454 U.S. 14, 20 (1981)

     Accordingly, pursuant Rule 4 of the Rules Governing Section 2254 Cases, the petition is denied and this action is dismissed. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253.

     IT IS SO ORDERED.

       /s/Dan Aaron Polster 9/9/09
     DAN AARON POLSTER
     UNITED STATES DISTRICT JUDGE